UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE REYES, | ) Case NO. CV 08-4889-MLG |
|     Petitioner, | ) |
| v. | ) MEMORANDUM OPINION AND ORDER |
| LINDA SANDERS, Warden, | ) |
|     Respondent. | ) |

I.   **Introduction**

This is a petition for writ of habeas corpus brought prusuant to 28 U.S.C. § 2241. Petitioner Jose Reyes is currently a federal prisoner incarcerated at the United States Penitentiary in Lompoc, California. In 1990, Reyes was convicted of engaging in a continuing criminal enterprise ("CCE") 28 U.S.C. § 848 and nine related counts in the United States District Court for the District of Idaho. He was sentenced to a 360 month term of imprisonment on the CCE conviction and a concurrent 240 month term on the remaining nine convictions.

//

Petitioner's conviction was affirmed on direct appeal by the United States Court of Appeals for the Ninth Circuit in April 1992. On January 19, 1995, Petitioner filed a motion for relief from judgment pursuant to 28 U.S.C § 2255. The motion was denied and the denial was affirmed by the Ninth Circuit on May 26, 1999. *United States v. Reyes*, 185 F.3d 871, 1999 WL 394886 (9th Cir. 1999).

Six days after the Ninth Circuit's decision, the Supreme Court decided *Richardson v. United States*, 526 U.S. 813 (1999). *Richardson* held that in a CCE prosecution the trial court is required to instruct the jury that it must reach a unanimous and separate agreement as to each violation constituting a "continuing series of violations" in the CCE.

Petitioner did not file a petition for rehearing in the Ninth Circuit. Rather, on April 7, 2000, Petitioner filed a petition with the Ninth Circuit for leave to file a successive section 2255 motion, claiming that his conviction was unconstitutional under *Richardson*. On August 11, 2000, Petitioner's motion for leave to file a successive petition was granted.

August 28, 2000, Petitioner filed his second section 2255 motion in the trial court. On May 11, 2001, the trial court denied the motion on the merits, finding that the failure to give the unanimity instruction at trial was harmless because the jury had found petitioner guilty of at least three predicate offenses.

The Ninth Circuit granted a certificate of appealability. On January 23, 2004, the Ninth Circuit issued an order dismissing the appeal with instructions to the district court to dismiss the petition. *United States v. Reyes*, Case No. 01-35757 (9th Cir. 2004). The Court held that "[A]lthough *Richardson* applied retroactively to initial habeas

petitions as a new substantive rule of law, *United States v. Montalvo*, 331 F.3d 1052, 1055 (9th Cir. 2003), it cannot form the basis of a second or successive habeas petition." The Court found that under 28 U.S.C. § 2244, a second habeas petition may be certified only if it contains a new rule of constitutional law made retroactive on collateral review by the Supreme Court. Because *Richardson* was decided on statutory interpretation grounds and not on a constitutional basis, Reyes was not entitled to a file a second or consecutive section 2255 petition.

Petitioner has now brought this petition in another attempt to obtain relief based upon the *Richardson* decision. He asserts that section 2241 provides an avenue for relief because section 2255 is inadequate and ineffective to test the legality of his detention. On September 2, 2008, Respondent filed a motion to dismiss the petition. Petitioner filed an opposition on September 18, 2008. Because this Court does not have jurisdiction to review Petitioner's conviction under section 2241, this matter is subject to mandatory dismissal.

## II. Analysis

This petition is, without a doubt, a challenge to the convictions obtained in and the sentences imposed by the United States District Court for District of Idaho in 1990. As such, this Court lacks jurisdiction over the petition because Petitioner's challenge to his sentence must be raised by a motion pursuant to 28 U.S.C. § 2255 in the District of Idaho.

In general, section 2255 is the exclusive procedural mechanism by which a federal prisoner can challenge the legality of his detention. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). By contrast, a § 2241

petition is the vehicle through which a federal prisoner challenges the manner, location or condition of the execution of a sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

The distinction between § 2255 motions and § 2241 petitions also has a jurisdictional component: § 2255 motions must be heard in the federal district in which the prisoner was convicted and sentenced, while § 2241 petitions must be heard in the federal district in which the prisoner is confined. *See Hernandez*, 204 F.3d at 864-65. In cases where a custodial court receives a pleading from a federal prisoner that purports to be a § 2241 petition, but in fact seeks a form of relief generally only available under § 2255, that court must, as an initial matter, identify the true nature of the pleading so as to determine whether or not jurisdiction is proper. *See id.*, at 865; *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (federal courts are always "under an independent obligation to examine their own jurisdiction . . . .")

Although Petitioner was convicted and sentenced in the District of Idaho, he is currently incarcerated at the Lompoc Federal Prison Camp in Lompoc, California. Thus, this Court has jurisdiction over claims relating to the manner, location or condition of the execution of Petitioner's sentence. However, Petitioner's claims challenge the validity of the underlying sentences, not the manner in which the sentences are being executed. Accordingly, the claims in this petition may be raised only by way of a § 2255 motion in the District of Idaho.

There is an exception to the general bar on the use of § 2241 to collaterally attack a conviction or sentence. Under the so-called "savings clause" or "escape hatch" of § 2255, a federal prisoner may utilize § 2241 to seek the type of relief otherwise only available under

§ 2255 where the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." For example, the Ninth Circuit has held that a § 2241 petition is available under the "escape hatch" of § 2255 "when a petitioner (1) makes a claim of actual innocence and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898.

Petitioner claims that he is actually innocence. However, that claim is predicated upon the jury instruction found to be erroneous in *Richardson*. There is no allegation or showing that he is actually innocent of the crime and Petitioner has failed to establish that the court cannot have confidence in the finding of guilt. *See e.g., Schlup v. Delo*, 513 U.S. 298, 317 (1995), *Johnson v. Knowles*, Case No. 07-15221, Slip Op. at 12044-47, (9th Cir., September 2, 2008)

Petitioner's claims challenging his convictions and sentences must be raised in a § 2255 motion filed in the District of Utah. Accordingly, the instant petition should be dismissed without prejudice for lack of jurisdiction.

### III. Conclusion

For the foregoing reasons, it is ORDERED that judgment be entered dismissing this petition without prejudice for lack of jurisdiction.

DATED: September 22, 2008

Marc L. Goldman
United States Magistrate Judge